# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 11, 2013           Decided July 9, 2013

No. 12-1058

SANG J. PARK AND WON KYUNG O,
APPELLANTS

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE,
APPELLEE

Consolidated with 12-1059

On Appeals from the
United States Tax Court

*Denis M. McDevitt* argued the cause for appellants. With him on the briefs was *Drew M. Bouchard.*

*John A. Dudeck Jr.*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief was *Richard Farber*, Attorney.

Before: TATEL and KAVANAUGH, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: After a night of gambling, it's no fun to walk out of the casino a loser. But it's even worse when the IRS, on your way out, tries to tax you on each individual bet that you happened to win over the course of your losing night. Enter Sang Park, a South Korean businessman who gambled away thousands of dollars at slot machines on casino outings during his trips to the United States – only then to have the IRS seek more in taxes.

The IRS taxes non-resident alien gamblers such as Park differently than U.S. citizen gamblers. The relevant difference here concerns the period of time over which gambling winnings from casino games such as slots are measured. Are gamblers required to pay taxes on every winning *bet* – for example, every winning pull of the slot machine? Or can they report the overall income – gains minus losses – from *a session* of gambling? The IRS allows U.S. citizens to subtract losses from their wins within a gambling session to arrive at per-session wins or losses. But the IRS has applied a per-*bet* rule rather than a per-*session* rule for non-resident aliens such as Park.

A simple hypothetical illustrates how U.S. citizens and non-resident aliens are taxed differently with respect to gambling winnings: Consider two people. The first, a U.S. citizen, walks into a casino and sits down to play slots. The player first wins $100 but then loses the $100 before leaving the casino for the night. In that hypothetical, the U.S. citizen would have $0 in income to report because the IRS interprets the applicable provision of the Tax Code to cover only gains measured over a *session* of gambling.[1]

---

[1] Resident aliens are taxed in the same manner as U.S. citizens for these purposes.

The second person, a non-resident alien, also wins $100 and then loses $100. The non-resident alien is in the same financial situation as our U.S. friend. But according to the IRS, the non-resident alien has $100 in income to report (the $100 he won in the initial bet) because the IRS interprets the applicable provision to require non-resident aliens to pay taxes on gains *from each bet*.

In this case, Sang Park traveled from South Korea to the United States and, while here, gambled at slot machines. A lot. The IRS contends that Park now must pay taxes on every winning pull at the slot machine. Park disputes that interpretation of the Tax Code. Park contends that the IRS should allow him to calculate his winnings on at least a per-session basis. It appears that more than a hundred thousand dollars turn on the question for Park and the IRS.

The relevant provision of the Tax Code, Section 871, taxes non-resident aliens for all "interest . . . , dividends, rents, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, and other fixed or determinable annual or periodical gains, profits, and income" received from sources in the United States. 26 U.S.C. § 871(a)(1)(A).[2] For purposes of this case, the key term in Section 871 is "gains." In Park's case, the IRS interpreted Section 871 as covering every winning pull of the slot machine – a per-bet approach. That interpretation was not promulgated in an authoritative interpretation that triggers *Chevron* deference. *See United States v. Mead Corp.*, 533 U.S. 218, 228-32 (2001). As the

---

[2] Section 871(j) exempts non-resident aliens from taxation on winnings from blackjack, baccarat, craps, roulette, and big-6 wheel. 26 U.S.C. § 871(j).

IRS acknowledges, we therefore analyze the statutory language independently.

We begin our independent analysis by noting that the key term in interpreting Section 871 – "gains" – also appears in Section 165(d), which governs U.S. citizens. Section 165(d) provides: "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions." 26 U.S.C. § 165(d).

The IRS has persuasively interpreted the term "gains" in Section 165(d) to allow U.S. citizens to measure gains on a per-session basis. The IRS stated that "gain or loss may be calculated over *a series* of separate plays or wagers." Memorandum AM2008-11, Office of Chief Counsel, Internal Revenue Service 4 (2008) (emphasis added). In the IRS's words: "We think that the fluctuating wins and losses left in play are not accessions to wealth until the taxpayer redeems her tokens and can definitively calculate" her net gains. *Id.* Because gain or loss may be calculated over *a series* of wagers, a "taxpayer who plays the slot machines[] recognizes a wagering gain or loss at the time she redeems her tokens." *Id.* Therefore, U.S. citizens do *not* "treat every play or wager as a taxable event." *Id.* The result is that U.S. citizens can measure their gambling winnings and losses on a per-*session* basis. *See also Shollenberger v. Commissioner*, 98 T.C.M. (CCH) 667, 2009 WL 5103973, at *2 (Tax Ct. 2009) (same).

Nothing in the IRS's Section 165(d) ruling on "gains" turned on the fact that the gamblers were U.S. citizens. Rather, the IRS was trying to sensibly interpret and apply the term "gains" to casino gambling. We think that the IRS's reading of the term "gains" in Section 165(d) is the most sensible interpretation of casino gambling "gains." The IRS's approach is consistent with the commonsense understanding

of what it means to have gambling winnings, and of what it means therefore to have "gains." Moreover, as the IRS itself explained, the per-session approach avoids the considerable administrative and practical difficulties that would arise if slots players had to track the wins from every pull of the slot machine lever. *See id.* at *3 (referring to "the practical difficulties of tracking the basis of each wager individually in a session of like play").

Turning back to Section 871, we see again that Section 871 uses the same key term that Section 165(d) uses – "gains." And the logic and analysis of the IRS's per-session approach to U.S. taxpayers in Section 165(d) has no less force when applied to non-resident aliens in Section 871. Whether a gambler is a U.S. citizen or a non-resident alien, it makes little sense – as the IRS itself explained in the Section 165(d) context – to measure gambling winnings on casino games such as slots on a per-bet rather than per-session basis.

The IRS's only real response is that the Tax Code does not allow non-resident aliens to deduct recreational gambling losses from their income on their tax returns. *See* 26 U.S.C. § 873. In other words, once wins and losses are calculated – whether on a per-bet or per-session basis – non-resident aliens may not deduct losses from wins when doing their annual income taxes. The IRS therefore concludes that non-resident aliens should be required to pay taxes on each winning pull of the slot machine lever.

The IRS's reasoning is a non sequitur. What the IRS says about deductions for non-resident aliens is certainly accurate as far as it goes, but the point has nothing to do with the issue in this case. The fact that non-resident aliens may not deduct gambling losses from gambling winnings does not

tell us how to measure those losses and winnings in the first place.

The IRS also cites *Barba v. United States*, a 1983 decision from the Claims Court. 2 Cl. Ct. 674 (1983). But *Barba* is not binding on us, and in any event, it merely ruled out a *per-year* approach to measuring taxable gambling winnings. The case did not consider whether to measure gains on a per-session basis or a per-bet basis and expressly left that question open. *Id.* at 678 ("there is no allegation that the losses were from the same transaction").

On the question actually before us – the meaning of "gains" – we are persuaded that the per-session approach and not the per-bet approach is the better approach for the reasons the IRS itself persuasively explained with respect to U.S. citizens. We thus decline the IRS's invitation to read the term "gains" in Section 871 to mean something different from what it has been interpreted to mean in Section 165(d). *See Barnhill v. Johnson*, 503 U.S. 393, 406 (1992) ("Normally, we assume that the same terms have the same meaning in different sections of the same statute.").

We conclude that the relevant provision of the Tax Code, Section 871, allows non-resident aliens to calculate winnings or losses on a *per-session* basis.[3]

---

[3] The IRS also assessed an accuracy-related penalty against Park. *See* 26 U.S.C. § 6662. Because we conclude that the IRS used the wrong methodology to assess Park's tax liability, we need not separately analyze the penalty issue.

7

\* \* \*

We reverse the judgment of the Tax Court.  Because the record does not reflect Park's per-session winnings, we remand to the Tax Court so the parties can determine the proper amount of Park's tax liability.

*So ordered.*