T.C. Memo. 2016-15

UNITED STATES TAX COURT

ROBERT LEON MARTIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 13012-13, 13418-14.                Filed February 3, 2016.

Robert Leon Martin, for himself.

<u>Ann Louise Darnold</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  On March 18, 2013, the respondent (referred to here as the "IRS") issued a notice of deficiency to the petitioner, Robert Leon Martin, for the 2010 taxable year, determining an income-tax deficiency of $1,399.  In this notice of deficiency the IRS disallowed a $5,597.63 deduction that Martin claimed

[*2] on his 2010 tax return. This deduction was the amount he reported and paid as his liability for the section 72(t) additional tax.[1]

On March 10, 2014, the IRS issued a notice of deficiency to Martin for the 2011 taxable year. In this notice of deficiency the IRS determined a $250 income-tax deficiency resulting from Martin's failure to report $1,000 in gambling winnings.

Martin filed a separate timely petition for each notice of deficiency. The two cases were consolidated for trial, briefing, and opinion. The following two issues must be decided:

(1) Whether the section 72(t) additional tax of $5,597.63 for the 2010 taxable year is deductible. We hold that it is not deductible.

(2) Whether gambling winnings of $1,000 are includible in Martin's income for the 2011 taxable year. We hold that they are includible.

## FINDINGS OF FACT

The parties stipulated some facts, and those facts are incorporated by this reference. Martin resided in Oklahoma at the time he filed the petitions.[2]

---

[1]All section references are to the Internal Revenue Code of 1986 as amended and in effect for the tax years at issue, 2010 and 2011.

[2]Therefore, an appeal of our decisions in these cases would go to the U.S.

(continued...)

[*3]   In the 2010 taxable year, Martin received a distribution of $55,976.29 from Fidelity Investments Institutional Operations Co. ("Fidelity").  Fidelity reported the distribution on a Form 1099-R, "Distributions From Pension, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.".  At the time Martin received the distribution, he was 54 years old.

During 2010, Martin was not a first-time homebuyer.  He did not incur any higher-education expenses.  He was not in the military.  He also did not pay health-insurance premiums or any medical expenses.

Martin timely filed his 2010 Form 1040, "U.S. Individual Income Tax Return".  On his 2010 tax return, he reported a taxable individual retirement account (IRA) distribution of $55,976.29.  He attached a copy of the Form 1099-R from Fidelity to his 2010 tax return.  He also reported that he owed a 10% additional tax of $5,597.63 on an early IRA distribution.  Martin claimed a deduction in the same amount on line 30 of his 2010 tax return (a line labeled "Penalty on early withdrawal of savings").  Martin paid the tax reported on his return, including the 10% additional tax.

---

[2](...continued)
Court of Appeals for the Tenth Circuit, see sec. 7482(b)(1), unless the parties designate another circuit, see id. para. (2).

**[\*4]** During 2011, Martin received $1,000 from the Kaw Southwind Casino after his name was chosen in a lottery. He had earned entries into the lottery by playing slot machines. The casino reported the payment to the IRS on a Form 1099-MISC, "Miscellaneous Income".

Martin timely filed a 2011 Form 1040 and claimed the standard deduction. He did not report the $1,000 he received from the casino or any other gambling winnings. On line 21 of his 2011 tax return (a line labeled "Other income"), Martin entered zero and wrote: "All winnings were slot-related and below the $1,200 legal cutoff." Martin did not claim a gambling-loss deduction on his 2011 tax return.

OPINION

1.   Deductibility of Section 72(t) Additional Tax

Section 72(t)(1) provides that "[i]f any taxpayer receives any amount from a qualified retirement plan[3] \* \* \*, the taxpayer's tax \* \* \* shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income." Martin does not dispute that the distribution he received in 2010 was from a qualified retirement plan or that it was includible in gross income. Nor

---

[3]"Qualified retirement plan" is defined in sec. 4974(c) and includes IRAs as described in sec. 408(a).

**[*5]** does he dispute that the 10% additional tax imposed by section 72(t) applies to this distribution.[4]

Martin claimed a deduction for the section 72(t) additional tax on his 2010 Form 1040. The IRS disallowed this deduction. The IRS contends that taxpayers may not deduct the additional tax imposed by section 72(t).

Martin argues that the additional tax imposed by section 72(t) is deductible under section 62(a)(9). We disagree. Section 62(a)(9) provides a deduction for an amount "forfeited to a bank, mutual savings bank, savings and loan association, building and loan association, cooperative bank or homestead association as a penalty for premature withdrawal of funds from a time savings account, certificate

---

[4]At trial Martin conceded on the record that he was liable for the sec. 72(t) additional tax. In his pretrial memorandum, however, he had contended that the distribution should be excepted from the tax because of financial hardship. In his posttrial brief he also refers to financial hardship. Although we consider his concession at trial to be binding--therefore his eligibility for an exception from sec. 72(t) is not at issue--we observe that the record does not demonstrate his eligibility for an exception from sec. 72(t). Sec. 72(t)(2) lists a number of exceptions under which the additional tax does not apply. These "exceptions are narrow." Rousey v. Jacoway, 544 U.S. 320, 332 (2005). Because Martin received the distribution before age 59-1/2, he is not eligible for the first and most common of those exceptions. See sec. 72(t)(2)(A)(i). He does not show his eligibility for-- nor does he invoke--any of the other exceptions. Martin stipulated that he was not a first-time home-buyer, did not incur any higher-education expenses, was not in the military, and did not pay health-insurance premiums or any medical expenses. See sec. 72(t)(2)(A), (B), (D)-(G). There is no exception for financial hardship in sec. 72(t)(2). See Arnold v. Commissioner, 111 T.C. 250, 255 (1998).

[*6] of deposit, or similar class of deposit."  The section 72(t) additional tax is payable to the federal government, not to a "bank" or similar institution listed in section 62(a)(9).  Therefore, it is not deductible under section 62(a)(9).  Further, the additional tax imposed by section 72(t) is a federal-income tax.  Section 275(a)(1) disallows any deductions for "Federal income taxes" (A deduction for certain other taxes, including State income taxes and some other federal taxes, is allowed by section 164(a).).

Therefore, Martin may not deduct the additional tax imposed by section 72(t).

2.    Gambling Winnings

Martin does not contest that he received $1,000 of gambling winnings from the casino.  He argues that only income that must be reported to the IRS on an information return is taxable and that the casino was not required to report his gambling winnings.  Therefore, he argues that the $1,000 is not taxable.

Section 61(a) defines gross income as "all income from whatever source derived".  It is well settled that gambling winnings, including slot machine and lottery winnings, are includible in gross income.  See United States v. Maginnis, 356 F.3d 1179, 1183 (9th Cir. 2004) (lottery winnings); Park v. Commissioner,

**[*7]** 136 T.C. 569, 573 (2011) (slot machine winnings), <u>rev'd and remanded on other grounds</u>, 722 F.3d 384 (D.C. Cir. 2013).

There may be some question as to whether the $1,000 of gambling winnings had to be reported by the casino on an information return. The general threshold for reporting a payment on an information return is $600. Sec. 6041(a), (d); sec. 1.6041-1(d)(3), Income Tax Regs. However, the IRS has instructed information-return filers that a payment of gambling winnings is reportable only if it is greater than $600 and is at least 300 times the amount of the wager. Instructions for Forms W-2G and 5754, at 2-3 (2011) ("File Form W-2G for every person to whom you pay $600 or more in gambling winnings if the winnings are at least 300 times the amount of the wager."). And there is a more specific rule for gambling winnings from slot machines. Such winnings must be reported only if the payment is $1,200 or more. <u>Id.</u> at 3; <u>see also</u> sec. 7.6041-1, Temporary Income Tax Regs., 42 Fed. Reg. 33286 (June 30, 1977).

The casino reported on an information return its $1,000 payment to Martin. Martin argues that, because he earned entries into the lottery by playing slot machines, his gambling winnings should be subject to the $1,200 reporting threshold. Thus, Martin argues, the casino should not have reported the gambling

[*8] winnings of $1,000 because the payment fell below the $1,200 reporting-requirement threshold for gambling winnings from slot machines.

Martin assumes that gambling winnings that are not reportable on information returns are not includible in gross income. At trial he said that the IRS is "trying to separate the taxation from the reporting when it is undeniably one and the same". Martin does not see, or refuses to see, the distinction between information-reporting requirements and the imposition of income tax. Whether the casino was required to report Martin's winnings is irrelevant to the question of whether his winnings are includible in his gross income. The Internal Revenue Code does not exclude a payment from income when the payment is not large enough to require the payor to report the payment on an information return.

Martin also argues that he had losses from slot-machine gambling. Even assuming that the amount of Martin's losses from slot-machine gambling during 2011 could count against his $1,000 in winnings, the record provides no basis for us to estimate Martin's losses from slot-machine gambling. See Schooler v. Commissioner, 68 T.C. 867, 869-871 (1977).

We hold that the gambling winnings of $1,000 are includible in Martin's income for the 2011 taxable year.

**[*9]**  In reaching our holdings, we considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered for</u>

<u>respondent</u>.